1  WO

2

3                        **NOT FOR PUBLICATION**

4

5

6              IN THE UNITED STATES DISTRICT COURT

7                  FOR THE DISTRICT OF ARIZONA

8

9   Troy Moss,                          )    No. CV-04-1667-PHX-SRB
                                         )
10              Plaintiff,               )    **ORDER**
                                         )
11   vs.                                 )
                                         )
12                                       )
    Maricopa County Sheriff's Dep't, et al.,  )
13                                       )
                Defendants.              )
14                                       )
                                         )
15   _____ )

16          This action concerns the alleged violation of *pro se* Plaintiff Troy Moss' right of

17   access to the courts while in the custody of Defendant Maricopa County Sheriff's Department

18   during the pendency of a criminal action against him.  At issue are two motions for summary

19   judgment, one filed by Plaintiff (Doc. 61), the other filed by Defendants Maricopa County

20   Sheriff's Department, Joseph M. Arpaio, C.A. Lillie, Romelia Rillera, and Aurelia Berry

21   (Doc. 54).

22   **I.      BACKGROUND**

23          Plaintiff filed the instant action after he was indicted in Maricopa County Superior

24   Court but before he was ultimately convicted.  The indictment contained seven felony counts,

25   all but one of which was eventually dismissed.  (Defs.' Statement of Facts ("DSOF"), Ex. 8.)

26   On May 6, 2005, a jury convicted Plaintiff of the remaining count, Unlawful Use of Means

27   of Transportation, a class 5 felony, and a judgment of guilt was entered.  (DSOF, Ex. 10.)

28   Plaintiff was sentenced to six years in prison.  (DSOF, Ex. 10.)

1    At all times relevant to this action, Plaintiff was an inmate in the custody of the

2    Maricopa County Sheriff's Department.  Plaintiff represented himself at various points

3    throughout his criminal proceedings.  On September 8, 2003, the state court judge granted

4    Plaintiff permission to proceed *pro se,* but revoked it about a month later.  (DSOF, Ex. 2, 3.)

5    The state court judge also issued an order on November 17, 2003 denying all motions that

6    Plaintiff had filed while *pro se.*  (DSOF, Ex. 4 at 2.)  Plaintiff resumed self-representation

7    on March 10, 2004, but that status was revoked two months later.  (DSOF, Ex. 6, 7 at 2.)

8    Plaintiff's third stint of self-representation began on the second day of his trial and continued

9    for its duration.  (DSOF, Ex. 9.)

10    On August 11, 2004, Plaintiff filed the instant Complaint pursuant to 42 U.S.C. §

11    1983.  The Complaint essentially alleges that Defendants[1] refused to file more than thirty of

12    Plaintiff's motions with the state trial court, thus violating his Sixth Amendment rights.[2]  The

13    Complaint seeks only monetary damages.  (Compl. at 7.)

14    On May 19, 2005, Defendants filed their Motion for Summary Judgment.  Plaintiff

15    did not respond, but filed his own Motion for Summary Judgment on June 10, 2005.

16    **II.    LEGAL STANDARDS AND ANALYSIS**

17    In a § 1983 action, a plaintiff seeking monetary damages arising out of an allegedly

18    unconstitutional conviction must prove that,

19        the conviction or sentence has been reversed on direct appeal, expunged

20        by executive order, declared invalid by a state tribunal authorized to

21        make such a determination, or called into question by a federal court's

22        issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  Thus, when a

23        state prisoner seeks damages in a § 1983 suit, the district court must

24

25

26    [1]Defendant Arpaio is the Sheriff of Maricopa County, and the remaining Defendants work for the Maricopa County Sheriff's Department in Inmate Legal Services.

27

28    [2]Other aspects of the Complaint were dismissed by the Court on August 18, 2004 (Doc. 3).

1              consider whether a judgment in favor of the plaintiff would necessarily

2              imply the invalidation of his conviction or sentence; if it would, the

3              complaint must be dismissed unless the plaintiff can demonstrate that

4              the conviction or sentence has already been invalidated.

5   *Heck v. Humphrey,* 512 U.S. 477, 486-487, 114 S. Ct. 2364, 2372 (1994).   *See also*

6   *Wilkinson v. Dotson,* 544 U.S. 74, 82, 125 S. Ct. 1242, 1248 (2005) (affirming the holding

7   in *Heck*).

8         It is undisputed that Plaintiff's conviction has not been reversed on direct appeal,

9   expunged by executive order, declared invalid by a state tribunal or called into question by

10   the issuance of a writ of habeas corpus.  It is also undisputed that a judgment in Plaintiff's

11   favor would "necessarily imply" the invalidity of his conviction or sentence.  *See Hunter v.*

12   *Henderson,* 2006 WL 278877, at *4-*5 (D. Kan. Feb. 6, 2006) (dismissing a prisoner's §

13   1983 right of access claim because its success would "necessarily imply the invalidity of his

14   conviction or sentence"); *Hardaway v. Rock County Sheriff Dep't,* 2005 WL 522382, at *2

15   (W.D. Wis. March 3, 2005); *Maron v. Schopen,* 2001 WL 34376851, at *3 (W.D. Wis. May

16   24, 2001).  *See, e.g., Hoard v. Reddy,* 175 F.3d 531, 533 (7th Cir. 1999).  Accordingly,

17   Defendants are entitled to summary judgment.

18         But even assuming that this action is not barred by *Heck,* it must still be dismissed

19   because Plaintiff cannot prove that he suffered "actual injury . . . to contemplated or existing

20   litigation, such as the inability to meet a filing deadline or to present a claim."  *Johnson v.*

21   *Kulongoski,* 141 Fed. Appx. 645, 647 (9th Cir. 2005) (quoting *Lewis v. Casey,* 518 U.S. 343,

22   351, 116 S. Ct. 2174, 2180 (1996)).

23         At the time Plaintiff filed his Complaint, he was not actually injured, but rather faced

24   the prospect of injury in the form of jail time or other punishment if he was convicted.  Now

25   that he has been convicted, one can assume that he believes his injury to be the six-year

26   sentence that he received for the commission of his crime.  However, Plaintiff cannot prove

27   that Defendants' alleged conduct caused his alleged injury.  This is because the allegation of

28   injury stems exclusively from the allegation that Defendants failed to file Plaintiff's motions,

1  and the evidence is undisputed that Defendants did in fact file all of Plaintiff's motions in a

2  timely manner with the state trial court.

3      The following table summarizes all of the motions that Plaintiff claims that

4  Defendants failed to file, together with the date that those motions were actually filed with

5  the state trial court:

| Date Pl. Says He Gave Doc. to Defs.[3] | Title of Doc. | Def. Who Allegedly Refused to File Doc. | Date Doc. Filed in Sup. Ct.[4] |
|---|---|---|---|
| 9/16/03 | Notice of Intent to Interview All State Witnesses | Berry | 9/23/03 |
| 9/16/03 | Motion to Dismiss Count 3 - Unlawful Use of Means of Transportation | Berry | 9/23/03 |
| 9/16/03 | Motion to Suppress | Berry | 9/23/03 |
| 10/10/03 | Motion to Appoint Handwriting Analyst | Berry | 10/15/03 |
| 12/10/03 | Motion for Change of Judge | Berry | 12/11/03 |
| 12/15/03 | Motion to Expedite Rule 11 Proceeding | Berry | 12/16/03 |
| 2/2/04 | Motion to Dismiss Counts 1 and 2 | Berry | 2/2/04 |
| 3/15/04 | Motion of Supplemental Notice of Defenses (Not Discovery) | Rillera | 3/22/04 |
| 3/15/04 | Motion for Notice of Defenses, Witnesses and Evidence | Rillera | 3/22/04 |
| 3/15/04 | Motion to Compel Production of Documents | Rillera | 3/15/04 |
| 3/15/04 | Request for Discovery | Rillera | 3/22/04 |
| 9/22/03 | Motion to Compel Production of Documents | Lillie | 9/24/03 |

_____

[3]The dates in this column are drawn from the interrogatories Plaintiff propounded to Defendants. (DSOF, Ex. 11-13.) These interrogatories list all of the motions that Plaintiff seems to allege he gave to Defendants but were not filed.

[4]The Maricopa County Superior Court docket for Plaintiff's criminal case is attached to Defendants' Motion for Summary Judgment as Exhibit 1.

| 9/22/03 | Motion to Appoint Investigator | Lillie | 9/24/03 |
|---|---|---|---|
| 9/25/03 | Motion for Preservation of All Evidence/ Motion to Compel State to Provide Notice Before Destruction of Evidence | Lillie | 9/25/03 |
| 9/25/03 | Motion for Omnibus Hearing | Lillie | 9/25/03 |
| 10/16/03 | Supplemental Witness List of Discovery | Lillie | 10/17/03 |
| 10/17/03 | Notice of Discovery | Lillie | 10/21/03 |
| 10/17/03 | Motion to Sever | Lillie | 10/21/03 |
| 10/17/03 | Motion to Amend Counts 4 and 5 | Lillie | 10/21/03 |
| 2/27/04 | Motion to Proceed in Propria Persona | Lillie | 3/2/04 |
| 3/12/04 | Motion to Suppress | Lillie | 3/15/04 |
| 3/12/04 | Complaint for Special Action Relief | Lillie | Denied on 3/29/04 |
| 3/18/04 | Motion to Suppress All Evidence | Lillie | 3/22/04 |
| 4/19/04 | Notice of Defenses, Evidence and Witness List | Lillie | 4/19/04 |
| 4/19/04 | Motion for Omnibus Hearing | Lillie | 4/19/04 |
| 4/19/04 | Motion to Appoint Handwriting Analyst | Lillie | 4/19/04 |
| 4/19/04 | Motion to Suppress Search Warrant Evidence | Lillie | 4/19/04 |
| 4/19/04 | Motion to Suppress Accident Reconstruction | Lillie | 4/19/04 |
| 5/4/04 | Motion to Amend Counts 1 and 2 | Lillie | 5/4/04 |
| 5/4/04 | Motion to Dismiss Count 3 | Lillie | 5/4/04 |
| 5/4/04 | Motion to Dismiss Counts 4 and 5 | Lillie | 5/4/04 |

In his motion for summary judgment, Plaintiff does not even appear to dispute that those motions were filed, but instead claims that they were "falsely filed."[5]  (Pl.'s Mot. for

---

[5]The Complaint contains no allegations of "false filing."

Summ. J. at 4.)  The meaning of that statement is lost on the Court.  To the extent that Plaintiff is arguing that Defendants somehow altered or fabricated the contents of Plaintiff's motions before filing them with the state trial court, that argument is rejected, as such conclusory allegations, without more, are insufficient to create a material issue of fact. *Morgan v. United States,* 2006 WL 285986, at *2 (9th Cir. Feb. 7, 2006) (citing *Anheuser-Busch, Inc. v. Natural Beverage Distribs.,* 69 F.3d 337, 345 (9th Cir. 1995)).

Because the only injury Plaintiff appears to allege is Defendants' failure to properly file certain motions, and because Defendants have in fact properly filed all of those motions, Plaintiff cannot prove that Defendants' alleged conduct caused his alleged injury.  As such, Berry, Rillera and Lilly are entitled to summary judgment on all claims against them.

The only allegation in the Complaint specific to Arpaio appears to be his failure to ensure that Berry, Rillera and Lilly properly filed all of Plaintiff's motions.  (Compl. at 4.)  However, even assuming that Arpaio could be held vicariously liable for the actions of Berry, Rillera, and Lilly, those Defendants did properly file all of Plaintiff's motions, so no cause of action against Arpaio can stand.

**IT IS ORDERED** denying Plaintiff's Motion for Summary Judgment (Doc. 61).

**IT IS FURTHER ORDERED** granting Defendants' Motion for Summary Judgment (Doc. 54).

**IT IS FURTHER ORDERED** that the Clerk of the Court enter judgment against Plaintiff and in favor of Defendants.

DATED this 2nd day of March, 2006.

_____
Susan R. Bolton
United States District Judge

- 6 -